**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **LINDA J. HART,** | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **3:14-CV-4100-D-BK** |
| | § | |
| **CHAIRMAN ICE, et al.,** | § | |
| **Defendants.** | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

On November 18, 2014, Plaintiff filed a *pro se* complaint, which was automatically referred to the United States Magistrate Judge.  *See* 28 U.S.C. § 636(b) and *Special Order 3*. For the reasons that follow, this case should be summarily dismissed for lack of capacity to file suit.

This is Plaintiff's twelfth action in less than five months.  As found in *Hart, et al., v. Nordstrom*, No. 4:14-CV-0660-Y (N.D. Tex., Fort Worth Div, Sep. 16, 2014) (appeal pending), and *Hart v. EPA, et al.*, 3:14-CV-3707-P-BH (N.D. Tex., Dallas Div., Oct. 27, 2014) (appeal pending), Plaintiff lacks the capacity to file suit because she was, and is still, subject to a guardianship that expressly includes representation of her in any legal action.  [14-0660 Doc. 32; 14-3707 Doc. 17].  Under the order establishing the temporary guardianship, only the appointed guardian is authorized to file suit on her behalf.  Accordingly, the complaint should be dismissed without prejudice.  *See also Hart v. Wells Fargo*, No. 3:14-cv-3796-N-BN (N.D. Tex., Dallas Div., Oct. 29, 2014) (pending review of magistrate judge's recommendation that case be dismissed because Plaintiff lacks the capacity to file suit).

In addition, given Plaintiff's filing history, Plaintiff should be warned that if she persists in filing lawsuits without proper authority to sue on her own behalf, the Court may impose monetary sanctions and/or bar her from bringing any further action.  *See* FED. R. CIV. P. 11(b)(2) and (c)(1) (providing for sanctions against *pro se* litigants or attorneys).  Sanctions may be appropriate when a *pro se* litigant has a history of submitting multiple frivolous claims. *Mendoza v. Lynaugh,* 989 F.2d 191, 195-97 (5th Cir. 1993); *see also Whitehead v. Food Max of Miss., Inc.*, 332 F.3d 796, 802-03 (5th Cir. 2003) (a violation of any provision of Rule 11(b) justifies sanctions).  *Pro se* litigants have "no license to harass others, clog the judicial machinery with meritless litigation, and abuse already overloaded court dockets." *Farguson v. MBank Houston, N.A.*, 808 F.2d 358, 359 (5th Cir.1986).  Moreover, litigants who abuse the judicial process are "not entitled to sue and appeal without paying the normal filing fees -- indeed, are not entitled to sue and appeal, period." *Free v. United States*, 879 F.2d 1535, 1536 (7th Cir. 1989).

## RECOMMENDATION

For the foregoing reasons, it is recommended that the complaint be **DISMISSED WITHOUT PREJUDICE** to re-filing either by the appointed guardian with proper approval from the probate court, or by Plaintiff with competent proof of the dissolution of the guardianship.  It is further recommended that Plaintiff be **WARNED** that sanctions may be imposed if she persists in filing actions without proper authority to sue on her own behalf.

Furthermore, as ordered in case numbers 4:14-CV-0660 and 3:14-CV-3707, it is recommended that any future motions or papers filed in this action (other than a notice of appeal) **be docketed for administrative purposes only and terminated**.  No action should be taken on

any such document filed while this action remains closed based on the Plaintiff's lack of capacity

to sue.  [14-0660 Doc. 36; 14-3707 Doc. 32].

      SIGNED December 5, 2014.

RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE


### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

      A copy of this report and recommendation will be served on all parties in the manner provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE