IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

LINDA J. HART,                        §
                                      §
                    Plaintiff,        §
                                      §   Civil Action No. 3:14-CV-4100-D
VS.                                   §
                                      §
CHAIRMAN ICE, et al.,                 §
                                      §
                    Defendants.       §

## ORDER

### I

After making an independent review of the pleadings, files, and records in this case, and the December 5, 2014 findings, conclusions, and recommendation of the magistrate judge, the court concludes that the findings and conclusions are correct.  It is therefore ordered that the findings, conclusions, and recommendation of the magistrate judge are adopted.

Although in her December 9, 2014 objections plaintiff challenges the guardianship as void on various grounds, she has not established that the guardianship has been dissolved.  In her December 10, 2014 objections plaintiff maintains that she needs additional time to file objections, but it is apparent that plaintiff cannot overcome the single basis for dismissing this case: under the order establishing the temporary guardianship, only the appointed guardian is authorized to file suit on her behalf.  This suit can only be filed by the appointed guardian, with proper approval from the probate court, or by plaintiff, with competent proof of the dissolution of the guardianship.

Accordingly, the court adopts the findings, conclusions, and recommendation of the magistrate judge

II

It is therefore ordered that this action is dismissed without prejudice to refiling, either by the appointed guardian, with proper approval from the probate court, or by plaintiff, with competent proof of the dissolution of the guardianship.

Plaintiff  is warned that sanctions may be imposed if she persists in filing actions without proper authority to sue on her own behalf.

It is ordered that all pending motions that plaintiff has filed in this lawsuit and that have not been separately decided are denied.

It is ordered that any motions or papers that plaintiff hereafter files in this action—other than a notice of appeal or a post-judgment motion permitted under the Federal Rules of Civil Procedure—be docketed only for administrative purposes and then terminated statistically by the clerk of court.

III

The court certifies that any appeal of this action would not be taken in good faith.  *See* 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3).  In support of this finding, the court adopts and incorporates by reference the magistrate judge's December 5, 2014 findings, conclusions, and recommendation.  *See Baugh v. Taylor*, 117 F.3d 197, 202 n.21 (5th Cir. 1997).  Based on the findings and recommendation, the court finds that any appeal of this action would present no legal point of arguable merit and would, therefore, be frivolous.  *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983).

If plaintiff appeals, she may challenge this certification by filing a separate motion to proceed *in forma pauperis* on appeal with the Clerk of the Court, United States Court of Appeals for the Fifth

Circuit. *See Baugh*, 117 F.3d at 202; Fed. R. App. P. 24(a)(5).

**SO ORDERED**.

December 11, 2014.

SIDNEY A. FITZWATER
UNITED STATES DISTRICT JUDGE